Megan C. Clark, WSBA #46505                   **Hon. Judge Thomas O. Rice**
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: mclark@ettermcmahon.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LIGHTHOUSE CHRISTIAN
MINISTRIES,

               Plaintiff,

vs.

CITY OF WENATCHEE,

               Defendant.

No.  2:25-cv-00507-TOR

**CITY OF WENATCHEE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Lighthouse Christian Ministries' ("Lighthouse") Complaint fails to establish, as a matter of law, its asserted constitutional claims and that it is entitled to the relief requested. The City's actions in revoking Lighthouse's conditional use permit ("CUP") were reasonable and rationally related to various governmental interests, like public health, safety, and welfare. Lighthouse alleges a conspiracy theory, based solely on conclusory statements, that the City acted

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS  - 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

with animus toward the population being served by Lighthouse. But these unsupported allegations alone are insufficient to establish constitutional violations as a matter of law. Moreover, Lighthouse failed to comply with applicable state requirements, which bars certain relief. Dismissal is appropriate.

## I.     ARGUMENT

### A. Plaintiff's Constitutional Claims Fail.

Lighthouse's one reference to 42 U.S.C. §1983 does not satisfy general pleading requirements, to plead a valid 42 U.S.C. § 1983 claim. *See Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978). The essential elements include: (1) a deprivation occurred, (2) the deprivation was caused by an official municipal policy or custom, (3) the policy or custom was the moving force behind the violation. *Id*. The Complaint does not articulate this framework. *See generally* ECF No. 1. Regardless, however, the claims still fail as a matter of law.

### i.     Lighthouse's Claims of Violations of Substantive Due Process Fail.

An essential element to a claim of substantive due process is that the interest is "constitutionally protected." *Washington v. Glucksberg*, 521 U.S. 702 (1997). With respect to Lighthouse's claim that it has a "liberty interest" in feeding the hungry, it relies upon *Ross v. United States* and *Maxwell v. County of*

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS  - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*San Diego*. Neither are relevant. In *Ross v. United States*, 910 F.2d 1422 (7th Cir. 1990), the Seventh Circuit dismissed all of the claims against the municipalities (a city and county) finding there was no constitutional duty to provide rescue services after an individual drowned in a lake. There is no discussion about liberty interests. *See generally id. Maxwell v. County of San Diego*, 708 F.3d 1075 (9th Cir. 2013) is similarly irrelevant. There, the plaintiff argued Sheriff's officers were not entitled to qualified immunity after the officers shot a woman and delayed her care. The Court reiterated the "due process clause guarantees the right to bodily security." *Id*. at 1082. The case does not stand for the proposition that there is any "liberty interest" in operating a soup kitchen, as claimed.

In more analogous cases, the Court has rejected similar interests as "rights." *See John Ketch, LLC v. San Juan Cnty.*, 759 F. Supp. 3d 1121, 1133 (W.D. Wash. 2024) (no protected property interest in a building permit where permitting scheme is discretionary); *see also Oliver v. Etna Township, Ohio*, 731 F. Supp. 3d 901 (S.D. Ohio 2024) (no fundamental right to build a multi-family living complex or have a property zoned in a particular way).

Lighthouse does not point to any case holding that the operation of a soup kitchen is a protected liberty interest. In that event, under *Glucksberg*, *supra*, the

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 3

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Court must engage in a two-part framework beginning with a "careful description of the fundamental liberty interest," which prevents the Court from accepting "characterizations of an asserted right of liberty interest that are issue-begging generalizations that do not fit the requisites of the inquiry." *See West Virginia Coalition Against Domestic Violence v. Morrisey*, 689 F. Supp. 3d 272, 303-304 (S.D. W. Va. 2023) (Court declined to find the described "right to personal security" was a liberty interest under *Glucksberg*). Lighthouse does not even attempt to address this framework, instead only making unsupported conclusions. Thus, the *Glucksberg* analysis should end here.

Lighthouse confusingly relies upon *Full Circle of Living and Dying v. Sanchez*, 2023 WL 373681 (E.D. Cal. 2023), but it confuses the issues. The Court ruled this doula service was not required to become licensed as a "funeral establishment," as defined under California law because of the type of services it rendered and the class of customers served. *See id*., *12-13. The central holding of this case has no relevancy to whether Lighthouse can establish a liberty interest. Further, contrary to Lighthouse's representation (*see* ECF No. 15, p. 10), the Court denied Full Circle's motion related to due process. *See id*., *14-16 ("The court cannot find as a matter of law it is irrational for the Bureau to

CITY OF WENATCHEE'S REPLY IN SUPPORT OF MOTION TO DISMISS - 4

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

determine Full Circle's doulas are acting as funeral directors and to require them to become licensed funeral directors in order to protect public health and safety."). Lighthouse cannot state a substantive due process claim because "operating a soup kitchen" is not an established liberty interest pursuant to *Glucksberg*.

With respect to Lighthouse's claim of a property interest in the CUP, even presuming this right is established, Lighthouse still cannot shoulder the "heavy burden" under the rational basis test. *See Samson v. City of Bainbridge Island*, 683 F. Supp. 2d 1164 (W.D. Wash. 2010). Lighthouse claims it was entitled to warnings and that the City "went nuclear" and its reactions were not "rationally proportional" to the claimed issues. ECF No. 15, p. 11. But Lighthouse's own Complaint shows the legitimate governmental interests to which the revocation was related. Lighthouse's argument is unsupported by case law, but instead relies upon argumentative, conclusory assertions, and irrelevant hypotheticals.

The City's revocation was based upon violations of the CUP. A CUP, by its very term, is conditional and can be revoked. *See Ahir v. City of Los Angeles*, 2025 WL 1077144 (9th Cir. 2025). Here, the WCC permits considerations of public health, safety, and welfare. *See* WCC 10.65.060. Lighthouse, of course,

CITY OF WENATCHEE'S REPLY IN SUPPORT OF MOTION TO DISMISS - 5

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

disagrees, but does not deny it was not compliant with the terms of the CUP. *See* ECF No. 1, ¶¶ 106, 107, 166, 167, 168, 173, 206, 273, 274). Lighthouse admitted it committed infractions of the City's zoning code (*see* ECF No. 1, ¶ 273). Conclusory allegations are not sufficient to establish this claim; allegations of improper motives must be supported by evidence, not mere speculation. *See Akshar Global Invest. Corp. v. City of Los Angeles*, 817 Fed. App'x 301 (9th Cir. 2020); *see also Killgore v. City of South El Monte*, 860 Fed. App'x 521 (9th Cir. 2021) (plaintiff "failed to allege facts to rebut a presumption that the City had a rational and legitimate basis to issue and subsequently revoke his CUP for multiple violations."). Lighthouse's Complaint expressly disclaims it suffered any violation of procedural due process, so its arguments regarding lack of notice are not properly before the Court. *See* ECF No. 1, ¶ 268.

ii.    Lighthouse's Equal Protection Claim Fails.

Similarly, the Complaint lacks facts supporting any inference that Lighthouse's rights under the equal protection clause of the Fourteenth Amendment were violated. The comparators that Lighthouse identifies are not similarly situated in all relevant aspects as required by a "class of one" claim. *See Lee v. Winborn*, 2020 WL 1271572 (W.D. Wash. 2020) ("A class of one plaintiff

must show other persons were treated differently in <u>nearly identical</u> circumstances"). "Class of one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Id*., *8 (citing *Ruston v. Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). Grace Church simply being a leasee of a parking lot does not establish "nearly identical" circumstances. Further, Light House fails to identify how Sage Church is "nearly identical" to Lighthouse, other than the fact that they both were issued CUPs by the City. There is no allegation the CUPs were similar in nature. This is not "apples-to-apples," nor does it demonstrate the "extremely high degree of similarity," as required by law. Given the applicable law, the Court should not even entertain Lighthouse's claims that it can be compared to "virtually any property owner," and that this comparison is sufficient to state a claim. <u>ECF No. 15, p. 16.</u> It is not. Dismissal is warranted.

iii.    <u>The City's Revocation of the CUP Did Not Violate the Takings Clause.</u>

A CUP, by its very definition, is conditional and revocable. Lighthouse claims – for the first time in its response – that the "taking" is "about the CUP." <u>ECF No. 15, p. 17.</u> If conditions of the CUP are not met, it can be revoked. Lighthouse can have no reasonable expectation that it can maintain this permit

ETTER, M<sup>C</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

while violating its terms. *See Akshar*, 817 Fed. App'x at 304 ("[T]o the extent the City's decision to revoke the CUP was based upon concerns about nuisance … the Takings Clause is not implicated because a locality may act in response to criminal activity."); *see also Sinclair v. City of Needles*, 365 Fed. App'x 844 (9th Cir. 2010) ("the revocation of a CUP does not necessarily constitute a taking.").

Lighthouse's claim that it has no other plausible use is based solely on the conclusory statement in its response brief – not in its Complaint. *See* ECF No. 15, p. 19. There is no assertion in the Complaint that Lighthouse's property has no productive or economically viable use outside the operation as a soup kitchen. *See generally* ECF No. 1. This claim should be dismissed.

### B. LUPA is Applicable.

Lighthouse claims that Washington's Land Use Petition Act (LUPA) has no application to this case because the claims brought are pursuant to 42 U.S.C. § 1983. First, LUPA is applicable to Lighthouse's specific request that this Court "prohibit[t] the City from enforcing its unlawful revocation of Lighthouse's CUP." ECF No. 1, p. 63, Prayer for Relief, ¶ C. While guised as an "injunction," this request would, if granted, reverse the Hearing Examiner's decision. Such relief is clearly subject to LUPA.

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS  - 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

While Lighthouse attempts to distinguish *Costello v. City of Vader*, 2021 WL 2481838 (2021), the case is germane. In *Costello*, the plaintiff sought review of a land use decision and sought damages for alleged constitutional violations." *Id*., *1. The Court reiterated that LUPA provides "the exclusive means of judicial review of land use decisions in Washington state…" and, specifically related to a hearing examiner's decision, LUPA provides relief. *Id*., *3. In declining to exercise jurisdiction over the LUPA claim and applying the doctrine of comity, the Court articulated:

> Here comity weighs heavily in favor of declining supplemental jurisdiction over plaintiff's state law claims. Plaintiff's state law claims arise under a state land use regulation statute; she is challenging a local land use decision. This falls squarely within a state function. Additionally, Washington has designed a procedure under LUPA to provide uniform, consistent and expedited judicial review of local decisions. Accordingly, both comity and judicial economy favor declining supplemental jurisdiction over plaintiff's state law claims.

*Id*. at *4. These same principles apply. Lighthouse's claims here are intrinsically tied to the City and hearing examiner's decisions. It also seeks the same relief as it would under LUPA. Federal courts should respect the state procedural requirements – which were undisputedly not met – when the federal claim and relief seeks to circumvent state requirements. In reviewing similar lawsuits

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS  - 9

ETTER, MᶜMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

alleging constitutional violations from land use decisions, LUPA petitions are typically filed in conjunction therewith. *See e.g. Holy Ghost v. City of Marysville*, 98 F. Supp. 3d 1153, 1163 (W.D. Wash. 2015) ("Although Plaintiffs originally filed a timely LUPA petition in Washington superior court ..."); *see also Costello*, 2021 WL 2481838 *3 (state law claims brought pursuant to LUPA); *Schmit v. City of Kalama*, 2016 WL 2653410 (W.D. Wash. 2016) (LUPA action brought with 42 U.S.C. § 1983 claims in State court and was removed); *Durland v. San Juan Cnty.*, 182 Wn.2d 55, 69-70 (2014). Here, Lighthouse failed to file any challenge under LUPA. Now, Lighthouse claims its attempt to bypass Washington's "exclusive" land use remedy is appropriate, and it is free to request the precise relief LUPA provides for by way of a federal claim. But courts take a strict approach to the application of LUPA's procedural deadlines, precisely to avoid untimely claims. *See Habitat Watch v. Skagit Cnty.*, 155 Wn.2d 397, 410-411 (2005). But because Lighthouse undisputedly failed to comply with LUPA, the Hearing Examiner's Decision is final. *See Twin Bridge Marine Park, LLC v. State, Dep't of Ecology*, 162 Wn.2d 825, 844 (2008). It is not subject to reversal by this Court under the guise of a constitutional violation. It is inconsistent with the statutory scheme and intent of LUPA.

CITY OF WENATCHEE'S REPLY IN SUPPORT OF MOTION TO DISMISS - 10

ETTER, M<sup>C</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Entertaining this or a similar remedy (prohibiting a City from enforcing a revocation of a CUP) would allow aggrieved parties to completely circumvent LUPA and render the statutory timeframes meaningless when it requests a court reverse a final land use decision, relying on federal judicial resources to do so. A party could, under Lighthouse's theory, wait a period of three years before instituting a litigation – under a constitutional theory alone – to undue a final land use decision. The entire purpose of LUPA is to avoid this scenario. *See* RCW 36.70C.010; RCW 36.70C.030; *see also Habitat Watch v. Skagit Cnty.*, 155 Wn.2d 397 (2005). This relief is untimely.

Based on the foregoing, the City respectfully requests this Court grant an Order dismissing Lighthouse's claims with prejudice.

RESPECTFULLY SUBMITTED this 6th day of March 2026.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By:   */s/ Megan C. Clark*
        MEGAN C. CLARK, WSBA #46505
        Attorney for Defendant, City of Wenatchee

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS  - 11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify and declare under penalty of perjury of the laws of the United States and the State of Washington that on the 30th day of January 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send electronic service to those attorneys of record registered on the CM/ECF System.

Riley Grace Borden
INSTITUTE FOR JUSTICE
600 University Street, Suite 2710
Seattle, WA 98101
rgborden@ij.org

Jeff Rowes
Christen Hebert
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
jrowes@ij.org
chebert@ij.org
epavlukhina@ij.org

DATED this 6th day of March 2026.

By:   */s/ Megan C. Clark*
MEGAN C. CLARK, WSBA #46505

CITY OF WENATCHEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 12

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100